UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA AARON KERSHAW,<br><br>  Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>  Defendants. | Case No.: 1:12-cv-00136-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO COMPLY WITH A COURT ORDER<br><br>[ECF No. 10] |

Plaintiff Joshua Kershaw is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On January 24, 2014, the Court found that service of the complaint was appropriate, and the Court directed Plaintiff to complete and submit the necessary service documents within thirty days from the date of service of that order.

More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order. As a result, the Court cannot proceed forward with service of the complaint, and Plaintiff was warned that dismissal would occur if he failed to obey the order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to

1  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
2  of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine
3  (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and
4  citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must
5  be met in order for a court to take action.  Id. (citation omitted).

6        Based on Plaintiff's failure to comply with the Court's order, the Court is left with no
7  alternative but to dismiss the action for failure to prosecute.  Id.  This action can proceed no further
8  without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply
9  remain idle on the Court's docket, unprosecuted.  Id.  Thus, dismissal for failure to obey a court order
10  is warranted.

11        Accordingly, IT IS HEREBY RECOMMENDED that the instant action be dismissed for
12  failure to obey a court order.

13        These Findings and Recommendations will be submitted to the United States District Judge
14  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**
15  after being served with these Findings and Recommendations, Plaintiff may file written objections
16  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
17  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may
18  waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19
20  IT IS SO ORDERED.
21    Dated:  **March 26, 2014**
22                                UNITED STATES MAGISTRATE JUDGE